# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSALIND "ROS" DOWEY, Individually and as Administrator of the Estate of M.D., MARK DOWEY, Individually and as Administrator of the Estate of M.D. and TRICIA MACIEJEWSKI, Individually and as Administrator of the Estate of L.M.; TAMIA WOODS, Individually and as Administrator of the Estate of J.W.; TIM WOODS, Individually and as Administrator of the Estate of J.W. SHANNON HEACOCK, Individually and as Administrator of the Estate of E.H.; BRITTNEY BIRD, Individually and as Administrator of the Estate of B.B; and PARKER SIEMS, Individually,<br><br>    Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC. and INSTAGRAM, LLC,<br><br>    Defendants. | Civil Action No.: _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**<br><br>COMPLAINT FILED IN DELAWARE SUPERIOR COURT: FEBRUARY 27, 2026<br><br>NOTICE OF REMOVAL FILED: March 1, 2026 |

## NOTICE OF REMOVAL

1.     PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Meta Platforms, Inc. and Instagram, LLC ("Meta") hereby remove to the United States District Court for the District of Delaware the above-captioned state court action, originally filed as Case No. N25C-12-250-CLS in the Superior Court of the State of Delaware. Removal is proper on the following grounds:

## PLAINTIFFS' COMPLAINT

2.  On February 27, 2026, Plaintiffs, suing individually and as the administrators of the estates of their deceased children, filed a complaint against Meta in the Superior Court of the State of Delaware, New Castle County, Case No. N25C-12-250-CLS. The Complaint, styled as an Amended Complaint because it adds eight new plaintiffs, purports to state claims sounding in products liability, negligence, fraudulent concealment, intentional infliction of emotional distress, unjust enrichment, negligence per se, invasion of privacy, and wrongful death. Among other relief, Plaintiffs seek wrongful death damages and punitive damages. *See* Exhibit 1 (Amended Complaint and Civil Case Information Statement). Defendants deny any liability for the claims and reserve their right to raise any and all defenses at a later date.

3.  Plaintiff Tricia Maciejewski, suing individually and as the Administrator and Personal Representative of the Estate of L.M., alleges that she "is a resident of Shippensburg, Pennsylvania." Am. Compl. ¶ 10. L.M., a minor, was allegedly "raised in Cumberland County, Pennsylvania." Am. Compl. ¶ 36.

4.  Plaintiffs Rosalind and Mark Dowey, suing individually and as the Administrators and Personal Representatives of the Estate of M.D., allege that they are "residences (*sic*) of Dunblane, United Kingdom." Am. Compl. ¶ 11. M.D., a minor, was allegedly living at home with his parents at the time of his death. Am. Compl. ¶ 92.

5.  Plaintiffs Tamia and Tim Woods, suing individually and as the Administrators and Personal Representatives of the Estate of J.W., allege that they are "residents of Streetsboro, Ohio." Am. Compl. ¶ 12. J.W. was a minor at the time of his death. Am. Compl. ¶ 118.

6.  Plaintiff Shannon Heacock, suing individually and as the Administrator and Personal Representative of the Estate of E.H., alleges she "is a resident of Glasgow, Kentucky."

Am. Compl. ¶ 13.  E.H., a minor, allegedly lived in Glasgow, Kentucky and attended Xaverna High School.  Am. Compl. ¶ 135.  E.H., a minor, was allegedly living at home with his parents at the time of his death.  Am. Compl. ¶ 139.

7.     Plaintiff Brittney Bird, suing individually and as the Administrator and Personal Representative of the Estate of B.B., appears to allege that she is a resident of Kronenwetter, Wisconsin.  *See* Am. Compl. ¶ 14.  B.B. was a minor at the time of his death.  Am. Compl. ¶ 185.

8.     Plaintiff Parker Siems, suing individually and as the parent of B.B., appears to allege that he is a resident of Wausau, Wisconsin.  *See* Am. Compl. ¶ 14.  B.B. was a minor at the time of his death.  Am. Compl. ¶ 185.

9.     Plaintiffs allege that Defendant Meta Platforms, Inc. is a "corporation of the State of Delaware."  Am. Compl. ¶ 15.  Meta is headquartered in California.

10.    Plaintiffs allege that Defendant Instagram, LLC is a "limited liability company of the State of Delaware."  Am. Compl. ¶ 17.  Instagram, LLC's sole member is Meta Platforms, Inc.

## GROUNDS FOR REMOVAL

11.    This court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(3) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. There is Complete Diversity Between Plaintiffs and Defendants**

12.    This case is a civil case between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(3).

13.    "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).  Plaintiffs do not explicitly plead the citizenship of L.M., M.D., J.W., E.H., or B.B.  "Citizenship is synonymous with domicile, and

'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Upon information and belief, at all relevant times, L.M. was a citizen of Pennsylvania, M.D. was a citizen of the United Kingdom. J.W. was a citizen of Ohio, E.H. was a citizen of Kentucky, and B.B. was a citizen of Wisconsin. *See supra* ¶¶ 2–8.

14. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability corporation is a "citizen[] of every state of which one of [its] members is a citizen." *Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019). Neither Defendant is a citizen of either Pennsylvania, Ohio, Kentucky, Wisconsin, or a foreign country.

15. Accordingly, for purposes of diversity jurisdiction, there is complete diversity between Plaintiffs and Defendants. In this Circuit, removal by forum-state defendants is proper under 28 U.S.C. § 1441(b)(2) where none of those defendants have been "served at the time of removal." *Vargo v. D&M Tours, Inc.*, 2024 WL 277702, at *1, n.2 (3d Cir. Jan. 25, 2024) (citing *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)). Here, the Amended Complaint purports to add eight new plaintiffs, and while Plaintiffs have advised that Plaintiffs transmitted it for electronic filing, it has yet to be approved or accepted by the Prothonotary. Thus, none of the Defendants have been served with the operative pleading – and the only pleading that exists for eight new plaintiffs – as of the time of removal.

B. The Amount in Controversy Exceeds $75,000

16. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." A

notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89.

17. Meta takes no position as to which of the Complaint's allegations are admitted or denied at this time, reserves the right to deny the Complaint's factual allegations, and denies that Plaintiffs are entitled to any relief. But based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

18. Plaintiffs allege that they are entitled to "damages for wrongful death pursuant to *10 Del. C. § 3721 et seq*, Delaware's Wrongful Death Act," "all damages pursuant to *10 Del. C. § 3701*," and "punitive damages," among other damages. Am. Compl. at 73–74. Plaintiff does not allege entitlement to a particular amount. In a situation such as this "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," Defendants need only show by a "preponderance of the evidence" that the amount in controversy threshold is met. *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007). If a plaintiff moves to remand, the court may "conduct its own independent appraisal of the allegations to determine whether the value of claims exceed the jurisdictional amount." *Rudolph v. Taylor*, 2004 WL 51270, at *1 (D. Del. Jan. 5, 2004).

19. "[A] reasonable reading of the value of the rights being litigated" supports a finding that the amount in controversy threshold is met. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). Courts consistently find claims for damages in analogous cases sufficient to satisfy the amount-in-controversy threshold. *See, e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065

(11th Cir. 2010) (value of wrongful death claims against a tire manufacturer arising from death of vehicle passenger due to tire blow-out likely exceed $75,000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiffs' allegations of "an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" supported claim in excess of $75,000).

20. Moreover, "[i]f appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (citation omitted). While Meta denies that punitive damages (or any damages) should be awarded in this matter, Delaware law permits punitive damages to be awarded in wrongful death claims brought under 10 *Del. C.* §§ 3701 and 3724. *See* Am. Compl. ¶¶ 385–88; *Dunfee v. KGL Holdings Riverfront, LLC*, 2016 WL 6988791, at *1 (Del. Super. Ct. Nov. 23, 2016) (awarding punitive damages in such a case). Even if the alleged compensatory damages alone were insufficient to meet the amount-in-controversy threshold, Plaintiffs' allegations of punitive damages confirm that the jurisdictional minimum is met here.

### C. The Other Prerequisites for Removal Have Been Met

21. This removal petition is timely filed because none of the Defendants have been served with the Amended Complaint, they all join in this notice, and this notice has been filed within 30 days of their receipt of a copy the Amended Complaint by means other than service. *See* 28 U.S.C. §§ 1441(b)(2), 1446(b)(1).

22. Removal to this District is proper because the District of Delaware encompasses the entire State of Delaware. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 87.

23. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, the Amended Complaint, and all other process, pleadings, and orders filed in the state court are attached hereto as Exhibits 1–2. These filings constitute the complete record of all records and proceedings in the state court.

24. If any question arises as to propriety of removal to this Court, Meta requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

25. Defendants will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of Delaware, New Castle County, and will promptly serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

26. Meta reserves the right to amend or supplement this Notice.

**WHEREFORE**, Meta removes this action from the Superior Court of the State of Delaware, New Castle County, Case No. N25C-12-250-CLS, to this Court.

DATED this 1st day of March, 2026.

Counsel for the Defendants

**DALTON & ASSOCIATES, P.A.**
*/s/ Bartholomew J. Dalton*
Bartholomew J. Dalton, Esq. (#808)
Connor C. Dalton, Esq. (#7037)
1106 West 10th Street
Cool Spring Meeting House
Wilmington, DE 19806
(302) 652-2050
bdalton@dalton.law
cdalton@dalton.law